UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE STRAUB, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-06574 |
| ) | |
| v. ) | |
| ) | |
| COMPASS GROUP USA, INC. d/b/a LEVY ) | |
| RESTAURANTS, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Nicole Straub ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Compass Group USA, Inc. d/b/a Levy Restaurants ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff, Nicole Straub, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resides in Cook County, Illinois.

9. Defendant, Compass Group USA, Inc. d/b/a Levy Restaurants, whose address is 1111 West Waveland Avenue, Chicago, Illinois 60613, is a corporation specializing in food services, that at all times material to the allegations in this Complaint is doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Club Supervisor from on or about March 28, 2024, until Plaintiff's constructive discharge on or about March 25, 2025.

13. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14. Plaintiff is female and is a member of a protected class because of her sex.

15. Since at least May 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

16. Plaintiff experienced multiple incidents of sexual harassment during her employment.

17. For example, an incident that occurred on or about May 16, 2024, in which a male guest, visibly intoxicated, bent over and spread his buttocks in a lewd and obscene manner in Plaintiff's face.

18. Although Plaintiff immediately reported this to the General Manager, Amanda Bartlett, no disciplinary action was taken.

19. The guest was allowed to remain due to his claimed association with a professional baseball player, prioritizing his connections over the safety and dignity of Plaintiff.

20. In or around July 2024, Plaintiff reported sexual harassment to Defendant's management, regarding Gary Tu's sexually inappropriate comments and actions, such as taking photographs of Plaintiff and female guests without consent.

21. While Tu was terminated, no support or follow-up was provided to Plaintiff, leaving her vulnerable to continued harassment.

22. Additionally, between April 2024 and March 2025, a bartender named Paul (LNU, male) consistently made sexually inappropriate comments toward Plaintiff.

23. Despite setting boundaries and directly opposing the harassment, Paul repeatedly commented on Plaintiff's appearance and personal life, stating he had a "Latina fetish," asking invasive and inappropriate questions, and sharing graphic details about his Tinder hookups.

24. Defendant took no meaningful action to address this behavior, allowing it to continue unchecked.

25. On or about March 24, 2025, Plaintiff formally requested a meeting with Defendant's General Manager Lauryn (LNU), HR representative Katie Schneider, and Head of Clubs Zac Young to report Paul's continued harassment, thereby engaging in protected activity.

26. During this meeting, Plaintiff was gaslighted and blamed, and with management asking inappropriate questions about whether Plaintiff had flirted with Paul.

27. Despite the trauma Plaintiff experienced during the meeting, she was pressured to attend a cocktail-tasting session with Paul the following day.

28. On or about March 25, 2025, Plaintiff emailed Defendant's management, stating that she did not feel safe returning to work due to the unresolved harassment and failure to protect her from harm.

29. This email marks the beginning of Plaintiff's constructive discharge as the working environment had become emotionally distressing and intolerable, and no reasonable person could continue working under these conditions.

30. On or about April 6, 2025, Defendant falsely claimed in a letter that Plaintiff had "voluntarily resigned" due to job abandonment, a claim Plaintiff denies.

31. Plaintiff did not abandon her job; Instead, Plaintiff's constructive discharge was a direct result of Defendant's failure to protect her from ongoing harassment and retaliation for opposing discriminatory actions despite her repeated requests for help.

32. Plaintiff was unlawfully constructively discharged because of her sex (female) on or about March 25, 2025.

33. Plaintiff was retaliated against, and her employment was ultimately constructively discharged for opposing unlawful discrimination and for exercising her protected rights.

34. Plaintiff reported the sex-based discrimination and harassment and/or sexual assault to Defendant.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively discharged.

36. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected.

37. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported the sexual harassment directly to Defendant's management team.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1–37 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40. Plaintiff met or exceeded performance expectations.

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42. Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex.

43. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

44. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

45. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

46. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Defendant knew or should have known of the harassment.

49. The sex-based harassment was severe or pervasive.

50. The sex-based harassment was offensive subjectively and objectively.

51. The sex-based harassment was unwelcomed.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

55. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

56. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

57. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 13th day of June, 2025.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Sophia Steere*
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*